UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NILIAH JACKSON,

       Plaintiff,

v.                                  Case No.: 8:26-cv-365-WFJ-AAS

ACCJ MASSAGE SCHOOL, LLC d/b/a
ELITE TOUCH INSTITUTE &
ACCJ PETERSBURG SPA LLC d/b/a
THE WOODHOUSE SPA,

       Defendants.

_____/

## <u>ORDER</u>

Plaintiff Niliah Jackson moves for a clerk's default against Defendant ACCJ Massage School LLC d/b/a Elite Touch Institute (ACCJ Elite Touch) (Doc. 13).

The Federal Rules of Civil Procedure provide for the entry of a clerk's default if a defendant fails to timely respond to a complaint. Fed. R. Civ. P. 55(a). If, however, the plaintiffs failed to properly serve the defendants with process, the plaintiffs are not entitled to a default entry despite the defendants' failure to timely respond. *See Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FtM-99MRM, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) ("While Defendants have failed to file any documents in this case or otherwise defend this action as required by Rule 55(a), absent a showing by

Plaintiffs that they properly effectuated service of process, an entry of default by the Clerk is not appropriate against Defendant." (internal citation omitted). When requesting a default, the plaintiff bears the burden of establishing proper service of process. *Onpower,* 2016 WL 9049315, at *1.

Jackson's process server served "Jane Doe, Manager, who is designated by law to accept service of process on behalf of ACCJ MASSAGE SCHOOL LLC d/b/a ELITE TOUCH INSTITUTE at 75 1ST ST., Saint Petersburg, FL 33701 on 04/27/2026." (*See* Doc. 12). Federal Rule of Civil Procedure 4 governs service of a complaint and summons upon the initiation of a lawsuit. Federal Rule of Civil Procedure (4)(h)(1) describes the requirements to serve process on Limited Liability Companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying Rule 4(h) to service on an LLC). Under Rule 4(h), service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Jackson has failed to establish that service was proper under Rule 4(h)(1)(B). There is no evidence that "Jane Doe" is an officer, managing or general agent, or any other agent authorized by law to receive service of process. *See Rocca v. CSX Cloud* LLC, No. 8:21-cv-2547-CEH-CPT, 2022 WL 4244800, at *4 (M.D. Fla. Sept. 15, 2022) (finding service inadequate because

the plaintiff failed to demonstrate that "Jane Doe" held any position sufficient to receive service under Rule 4(h)(1)(B)); Blue-*Grace Logistics, LLC v. Harry Logistics, Inc.*, No. 8:20-cv-1536-MSS-JSS, 2020 WL 10055354, at *1 (M.D. Fla. Dec. 7, 2020) (concluding that the plaintiff failed to establish the person served was an officer, managing or general agent, or agent authorized to receive service of process).

An LLC may also be served with process in accordance with the law of the state where the district court sits or where service is made. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Here, the respective district court is in Florida, as was the purported service.

Under Florida law, a return of service is evidence of whether service was validly effected. *See Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015). For a return of service to be presumptively valid, the return of service must be regular on its face. *See, e.g.*, *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019); *Tarantino v. Riddell*, No. 17-CV-60567, 2017 WL 5571358, at *4 (S.D. Fla. Nov. 20, 2017); *Gonzalez v. Totalbank*, 472 So. 2d 861, 863–64 (Fla. 3d DCA 1985). A return of service is regular on its face if it contains certain requirements listed in Florida Statute § 48.21, including, but not limited to, "the name of the person on whom [the return of service] was served." Fla. Stat. § 48.21; *see, e.g.*, *Friedman*, 777 F. App'x at 331.

Again, the return of service indicates the summons was served on "Jane Doe, Manager." (Doc. 12). It does not contain the name of the person served. Without more, the court cannot ascertain who was served with process. As a result, the return of service is defective on its face and therefore not presumptively valid. *See Tarantino*, 2017 WL 5571358, at *4; *Gonzalez*, 472 So. 2d at 864 (noting that the return "did not reflect the name of the person served, merely indicating that a Jane Doe was served" and consequently, "the return of service was defective and the service was invalid" under Florida Statute § 48.21).

The process server's supplemental information does not cure the defect. First, the process server provides a physical description of Jane Doe. (Doc. 12). However, providing a physical description of "Jane Doe" instead of providing the individual's name is insufficient compliance with § 48.21. *See Vives v. Wells Fargo Bank, N.A.*, 128 So. 3d 9, 15 (Fla. 3d DCA 2012). Second, the process server states that Jane Doe identified herself as the person in charge. Even so, merely telling the process server that she was in charge is insufficient to establish that Jane Doe had general authority to act on behalf of the LLC. *See Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 504 (Fla. 4th DCA 2010) (holding that service on a bank teller who stated that she was authorized to accept service was not sufficient and "did not absolve the process server of the obligation to make further inquiry").

4

Without proof of proper service, the requirement that ACCJ Elite Touch respond to the complaint is not triggered. *McGinnis v. Atlanta VBA Reg'l Off.*, No. 1:18-CV-762-SCJ, 2018 WL 7075145, at *1 (N.D. Ga. Nov. 15, 2018) (explaining that the requirement that the defendant respond to the complaint is not triggered when the plaintiff fails to comply with Rule 4).

Accordingly, Jackson's motion for entry of clerk's default against ACCJ Elite Touch (Doc. 13) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on June 12, 2026.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

5