UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NILIAH JACKSON,

       **Plaintiff,**

v.                                **Case No.: 8:26-cv-365-WFJ-AAS**

ACCJ MASSAGE SCHOOL, LLC d/b/a
ELITE TOUCH INSTITUTE &
ACCJ PETERSBURG SPA LLC d/b/a
THE WOODHOUSE SPA,

       **Defendants.**

_____/

## <u>ORDER</u>

Plaintiff Niliah Jackson moves for a clerk's default against Defendant ACCJ Petersburg Spa, LLC d/b/a The Woodhouse Spa (ACCJ). (Doc. 19).

The Federal Rules of Civil Procedure provide for the entry of a clerk's default if a defendant fails to timely respond to a complaint. Fed. R. Civ. P. 55(a). If, however, the plaintiff failed to properly serve the defendant with process, the plaintiff is not entitled to a default entry despite the defendant's failure to timely respond. *See Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FtM-99MRM, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) ("While Defendants have failed to file any documents in this case or otherwise defend this action as required by Rule 55(a), absent a showing by Plaintiffs that they properly effectuated service of process, an entry of default

1

by the Clerk is not appropriate against Defendant.") (internal citation omitted). When requesting a default, the plaintiff bears the burden of establishing proper service of process. *Id.* at *1.

Jackson's process server served "Victoria N, Manager, who is designated by law to accept service of process on behalf of ACCJ PETERSBURG SPA LLC d/b/a THE WOODHOUSE SPA at 75 1ST ST., Saint Petersburg, FL 33701 on 06/04/2026." (*See* Doc. 14). Service of process on a limited liability company in Florida may be completed by "service on its registered agent designated by the limited liability company." Fla. Stat. § 48.062(2). If this service cannot be completed after one good faith attempt, the process may be served on (a) any manager of a manager-managed limited liability company, (b) any member of a member-managed limited liability company, or (c) any person publicly listed by the domestic limited liability company on its latest annual report. Fla. Stat. § 48.062(3)(a)–(c). Here, it is unclear whether "Victoria N" is either a member or a manager of the company. *See* 48.062(3)(a)–(c); *McKesson Corp. v. Benzer OH 6 LLC*, No. 8:24-CV-1396-WFJ-SPF, 2024 WL 3495039, at *2 (M.D. Fla. July 22, 2024) (finding that service on "with Alex (refused last name) who as Manager is authorized by appointment or by law to receive service of process" was insufficient service on an LLC); *Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 504 (Fla. 4th DCA 2010) (holding that service on a bank teller who stated

that she was authorized to accept service was not sufficient and "did not absolve the process server of the obligation to make further inquiry").

Even assuming that "Victoria N" is a manager, service on a manager is proper only after one good faith attempt to serve the registered agent has failed. *See* Fla. Stat. § 48.062(3); *McKesson Corp.*, 2024 WL 3495039, at *2. Here, there is no indication that any such attempt was made. Without proof of proper service, the requirement to respond to the complaint is not triggered. *McGinnis v. Atlanta VBA Reg'l Off.*, No. 1:18-CV-762-SCJ, 2018 WL 7075145, at *1 (N.D. Ga. Nov. 15, 2018*)* (explaining that the requirement that the defendant respond to the complaint is not triggered when the plaintiff fails to comply with Rule 4).

In addition, the motion fails to comply with the Local Rules, which provide that "[a] motion must include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Local Rule 3.01(b), M.D. Fla. Jackson's motion consists of a proposed order to the Clerk. (*See* Doc. 19).

Accordingly, Jackson's motion for entry of clerk's default against ACCJ Petersburg Spa (Doc. 19) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on July 16, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge